IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SHARI CANE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>COREY O'NEILL in his official and individual capacities, STEVE KUNNATH in his official and individual capacities, CITY OF LIVINGSTON, MONTANA, JAY PORTEEN in his official and individual capacities,<br><br>　　　　　Defendants. | CV 20-32-BLG-TJC<br><br>**ORDER** |

Defendants City of Livingston and Jay Porteen have filed a Motion to Exclude Expert Testimony of Plaintiff's Expert Galen Glassmire. (Doc. 28.) Plaintiff has filed an opposition. (Doc. 31.) Having considered the parties' submissions, the motion will be **GRANTED in part and DENIED in part**, as set forth below.

**I.　BACKGROUND**

Plaintiff filed her Complaint on March 27, 2020. (Doc. 1.) After Defendants filed their individual answers, the Court held a Preliminary Pretrial Conference on July 14, 2020, setting deadlines in the case. Plaintiff was ordered to

1

disclose her damages and liability experts by January 19, 2021.[1]  (Doc. 19.)  The Court's Scheduling Order contained specific instructions regarding the content of reports of retained experts.  (*Id.* at 5-7.)  The Scheduling Order explicitly stated that "each party is responsible for ensuring that expert reports . . . are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify."  (*Id.* at 5.)  The Court further directed that "[e]xpert reports must satisfy the specific requirements of Fed.R.Civ.P. 26(a)(2)(B)" and warned "[a]n inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed."  (*Id.*)

On February 24, 2021, Plaintiff served the Expert Witness Disclosure of Galen Glassmire, a retained expert from Philadelphia, Pennsylvania.  (Doc. 46.)

Defendants argue the expert disclosure fails to satisfy the requirements of Rule 26(a)(2)(B), and as a result, Plaintiff has failed to properly disclose Mr. Glassmire as an expert.  Defendants, therefore, request the Court preclude Mr. Glassmire from supplying evidence on any motion, at any hearing or at trial.  (Doc. 28.)  Plaintiff opposes, arguing the only deficiency in the expert disclosure is Mr. Glassmire's failure to sign it.  Plaintiff suggests the Court could cure any prejudice

---

[1] The expert disclosure deadline was informally extended to February 18, 2021 by agreement of the parties.

by either (1) requiring Plaintiff to provide a signed report of Mr. Glassmire or (2) allowing Defendants to depose Mr. Glassmire at Plaintiff's expense. (Doc. 31.)

## II. DISCUSSION

Rule 26 provides that written expert reports must be "prepared and signed by the witness" and must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Rule 37 gives teeth to Rule 26's expert disclosure requirements by forbidding the use at trial of any information that is not properly disclosed, unless the failure was substantially justified or is harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 37(c)(1)). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). Preclusion of evidence,

however, is not the exclusive sanction available under Rule 37(c)(1). The Rule provides that "[i]n addition to or instead of" preclusion, a court may order other sanctions, such as: (1) payment of the reasonable expenses including attorney's fees caused by the failure; (2) informing the jury of the party's failure; or (3) "other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(A)-(C).

Here, the Court has reviewed Plaintiff's expert disclosure of Mr. Glassmire, and finds it is deficient under Rule 26(a)(2)(B). The disclosure was neither prepared by Mr. Glassmire, nor signed by him. Further, it fails to contain a complete statement of the basis and reasons for each of his opinions. The Court further finds that Plaintiff's failure to comply with Rule 26(a)(2)(B) is not substantially justified or harmless. As such, sanctions are warranted under Rule 37(c)(1).

The Court determines the appropriate sanction in this case is to require Plaintiff to cure the deficiency instead of excluding Mr. Glassmire's testimony. "The main purpose of Rule 26(a)(2) is to provide notice of expert testimony to the opposing party, enabling that party to prepare rebuttal." *Lindgren v. Holt*, 2001 U.S. Dist. LEXIS 26508, *5-6 (D. Mont. Sept. 26, 2001). Plaintiff's initial expert disclosure, while deficient, at least provided some notice of the types of opinions to be expressed by Mr. Glassmire. The Court, therefore, finds that the prejudice to Defendants can be alleviated by requiring Plaintiff to submit a properly prepared

and signed report, reopening discovery to a limited extent, and extending the deadlines in the Scheduling Order.

### III.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants' motion (Doc. 28) is **GRANTED in part and DENIED in part** as follows:

1.   Defendants' request to exclude Mr. Glassmire's testimony is denied at this time.  Plaintiff is cautioned, however, that exclusion will be warranted if counsel fails to comply with the Court's order as directed below.

2.   Plaintiff shall serve upon Defendants a properly prepared and signed expert report by Mr. Glassmire that complies with Rule 26(a)(2)(B).  Mr. Glassmire shall not include in the report any additional opinions that were not fairly disclosed in Plaintiff's expert disclosure.  Mr. Glassmire must, however, cite the grounds and reasons for all of the opinions expressed in the expert disclosure. Plaintiff shall serve this report on or before **June 30, 2021**.

3.   Discovery will be reopened until **August 30, 2021** for the limited purpose of allowing Defendants to pursue discovery related to Plaintiff's expert report.  Plaintiff is not permitted to seek additional discovery.  If Defendants choose to do so, they may depose Mr. Glassmire at Plaintiff's expense.  Plaintiff will be required to pay for the expert fees and the cost of an original transcript.

4. Defendants shall file any rebuttal expert reports within **30 days** of the date they receive Mr. Glassmire's expert report.

5. The motions deadline shall be extended to **October 15, 2021**.[2]

DATED this 11th day of June, 2021.

                                                          _____
                                                          TIMOTHY J. CAVAN
                                                          United States Magistrate Judge

---

[2] In light of the Court's ruling, Defendants' Unopposed Motion to Extend the Motions Deadline (Doc. 47) is **DENIED as moot**.