IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SHARI CANE,<br><br>             Plaintiff,<br><br>vs.<br><br>COREY O'NEILL in his official and individual capacities, STEVE KUNNATH in his official and individual capacities, CITY OF LIVINGSTON, MONTANA, JAY PORTEEN in his official and individual capacities,<br><br>             Defendants. | CV 20-32-BLG-TJC<br><br>**ORDER** |

Pending before the Court is Defendant Corey O'Neill's ("O'Neill") Motion for Reconsideration. (Doc. 77.) O'Neill requests the Court reconsider its March 31, 2022 Order denying his Motion for Summary Judgment on Count I of Plaintiff Shari Cane's Complaint. Cane has not opposed the motion, and the time to do so has now passed. (Doc. 75 at 4.)

Federal Rule of Civil Procedure 59(e) permits a district court to reconsider and amend a previous order. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Reconsideration, however, is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* Motions for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered

evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (*citing Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

The Court finds O'Neill has not established that reconsideration is appropriate here. As the party who moved for summary judgment, O'Neill had the burden to demonstrate the absence of a genuine issue of material fact. Fed.R.Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Issues of reasonable suspicion to detain and probable cause for arrest in a civil action generally present questions for the jury. The Ninth Circuit has explained:

> Our task in determining whether probable cause to arrest existed as a matter of law in this §1983 action is slightly different from a similar determination in the context of a direct review of a criminal arrest. In the latter situation, we are called upon to review both law and fact and to draw the line as to what is and is not reasonable behavior. . . . By contrast, in a §1983 action the factual matters underlying the judgment of reasonableness generally mean that probable cause is a question for the jury, [] and summary judgment is appropriate only if no reasonable jury could find that the officers did or did not have probable cause to arrest.

*McKenzie v. Lamb*, 738 F.2d 1005, 1007-08 (9th Cir. 1984) (internal citations omitted). *See also Green v. City & Cty. of San Francisco*, 751 F.3d 1039, 1046 (9th Cir. 2014) ("[T]he reasonableness of officer conduct should be decided by a jury where the inquiry turns on disputed issues of material fact."); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008) ("Where the facts or

circumstances surrounding an individual's arrest are disputed, the existence of probable cause is a question for the jury.").

None of the issues raised, or facts and circumstances highlighted by O'Neill in his motion for reconsideration show that the only conclusion a reasonable jury could reach is that O'Neill had reasonable suspicion to detain Cane and probable cause to arrest her.

For example, O'Neill argues he reasonably suspected Cane of having engaged in criminal activity, including "a range of crimes involving potential likelihood for theft, vandalism, disorderly conduct, etc., based on the report that Cane was looking into vehicles." (Doc. 77 at 8.) But in the audio from the 9-1-1 call, the caller stated Cane was "staring at vehicles," a seemingly innocuous activity. The dispatch Call History Record also reflects that Cane was "stearing [sic] at veh." (Doc. 53-4.) O'Neill points out, however, that his police report reflects it was relayed from dispatch that Cane "had been staring into a car" and "was looking in vehicles," a potentially more suspicious activity. (Doc. 53-7.) Thus, at most O'Neill has highlighted that there are disputed issues of material facts regarding reasonable suspicion.

O'Neill also asserts he gained additional reasonable suspicion that Cane was "about to commit" an offense, because "it would take but one misstep for Cane to go from lawfully on the sidewalk to standing on the road, thus technically violating Montana law." (Doc. 77 at 9.) This is pure speculation. O'Neill has no evidence

to support his assertion.  O'Neill's vague assertions that Cane may have committed, or was about to commit offenses in his presence can be considered by the jury as part of the totality of the circumstances.  But they are insufficient alone to demonstrate that O'Neil had reasonable suspicion as a matter of law.

Accordingly, as the Court found in its March 31, 2022 Order, there are material issues of fact for the jury regarding reasonable suspicion and probable case that preclude summary judgment in favor of O'Neill.  As such, O'Neill's Motion for Reconsideration is DENIED.

DATED this 6th day of September, 2022.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge