IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SHARI CANE,<br><br>              Plaintiff,<br><br>vs.<br><br>COREY O'NEILL in his official and individual capacities, STEVE KUNNATH in his official and individual capacities, CITY OF LIVINGSTON, MONTANA, JAY PORTEEN in his official and individual capacities,<br><br>              Defendants. | CV 20-32-BLG-TJC<br><br>**ORDER** |

Defendant Corey O'Neill ("O'Neill") has filed a Motion in Limine to Exclude Testimony of Plaintiff's Non-Disclosed Experts. (Doc. 104.) Plaintiff has filed an opposition. (Doc. 114.) Having considered the parties' submissions, the motion will be **GRANTED in part**, as set forth below.

## I.     BACKGROUND

Plaintiff filed her Complaint on March 27, 2020. (Doc. 1.) After Defendants filed their individual answers, the Court held a Preliminary Pretrial Conference on July 14, 2020, setting deadlines in the case. Plaintiff was ordered to disclose her damages and liability experts by January 19, 2021. (Doc. 19.) The

1

Court's Scheduling Order contained specific instructions regarding expert disclosures, including treating physicians.  (*Id.* at 5-7.)

On September 27, 2022, Plaintiff identified witnesses Donna Delich, LAC, LCSW and Dr. Bruce Swarny on her Will Call/May Call Witness List.  (Doc. 97-1.)  But Plaintiff had not previously provided any disclosure under Rule 26(a)(2)(B) or 26(a)(2)(C) with respect to Ms. Delich or Dr. Swarny.  O'Neill, therefore, moves to exclude any expert testimony from Ms. Delich or Dr. Swarny as to the nature, cause or exacerbation of any claimed damages.

## II.    DISCUSSION

Under Rule 26, there are two types of expert testimony: (1) opinions of retained or specially employed experts, and (2) opinions of non-retained experts, such as treating physicians.  Retained or specially employed experts must comply with Rule 26(a)(2)(B), which requires detailed written reports.  Whereas non-retained experts are subject to the less-rigorous disclosure requirements of Rule 26(a)(2)(C).

Treating physicians are generally not subject to the mandatory Rule 26(a)(2)(B) written report requirements, "so long as their testimony concerns opinions formed during the course of treatment, i.e., those pertaining to "care, treatment and prognosis.'"  *Adams v. Roberts*, 2019 WL 6715604, *1 (D. Mont. Dec. 10, 2019).  Nevertheless, treating physicians are not entirely exempt from all

2

disclosure requirements.  *Id.*  A party must serve a disclosure under Rule 26(a)(2)(C) for treating physicians identifying:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed.R.Civ.P. 26(a)(2)(C).

Further, if a treating physician offers opinions outside the scope of their treatment, a full Rule 26(a)(b)(B) will be required.  *Adams*, 2019 WL 6715604 at *2; *St. Vincent v. Werner Enters., Inc.*, 267 F.R.D. 344, 345 (D. Mont 2010).

Rule 37 gives teeth to Rule 26's expert disclosure requirements by forbidding the use at trial of any information that is not properly disclosed, unless the failure was substantially justified or is harmless.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 37(c)(1)).  "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure."  *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011).

Here, Plaintiff failed to submit any expert disclosures for Ms. Delich or Dr. Swarny under Rule 26(a)(2)(B) or 26(a)(2)(C).  Plaintiff has not shown that this failure was substantially justified or harmless.  As such, exclusion of any expert testimony is required under Rule 37(c)(1).

Because Plaintiff has failed to submit the required Rule 26(a) disclosures, she may not introduce any expert testimony or evidence from Ms. Delich or Dr. Swarny under Federal Rule of Evidence 702.

Nevertheless, it does appear that Ms. Delich and Dr. Swarny were properly identified in Plaintiff's Preliminary Pretrial Statement and discovery as witnesses with knowledge of information relevant to this case. Therefore, they will be permitted to testify as fact witnesses, including testimony under Federal Rule of Evidence 701. Any opinion testimony offered under Federal Rule of Evidence 701 will be limited to testimony that is:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed.R.Evid. 701.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that O'Neill's Motion in Limine to Exclude Testimony of Plaintiff's Non-Disclosed Experts (Doc. 104) is **GRANTED, in part**.

DATED this 21st day of October, 2022.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

4